# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
JASON C. FARRINGTON, BAR NO.
8063.

No. 74477

**FILED**

MAR 09 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER IMPOSING RECIPROCAL DISCIPLINE AND DISBARRING ATTORNEY*

This is a petition for reciprocal discipline of attorney Jason C. Farrington pursuant to SCR 114. Farrington accepted money from a set of clients and then failed to keep in communication with them, including failing to inform them of a large judgment entered against them. Farrington also failed to respond to the Arizona State Bar's investigation or otherwise participate in the disciplinary process in Arizona and failed to notify statutorily-required parties of his previous CLE suspension.[1] In considering this misconduct, the State Bar of Arizona hearing panel report concluded that there were eight aggravating circumstances (prior disciplinary offenses, selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceedings by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge wrongful nature of conduct, substantial experience in the practice of law, and indifference to making restitution) and no mitigating circumstances. On October 4, 2016, the presiding

---

[1]Farrington has been CLE suspended in Arizona since February 27, 2015, as well as CLE suspended in Nevada since April 10, 2014.

18-09336

disciplinary judge of Arizona entered an order disbarring Farrington and directing him to pay $17,500 in restitution along with $2,000 in costs related to the disciplinary proceedings. Farrington did not self-report his disbarment to the State Bar of Nevada.

SCR 114(4) provides that this court shall impose identical reciprocal discipline unless the attorney demonstrates, or the court finds, that one of four exceptions applies. We conclude that none of the four exceptions weighs against the imposition of identical reciprocal discipline in this case. By failing to keep in communication with his clients regarding their cases, failing to participate in the State Bar of Arizona's investigation, and failing to comply with the terms of his CLE suspension, Farrington violated RPC 1.4 (communication); RPC 1.16 (declining or terminating representation); RPC 8.1 (bar admission and disciplinary matters); RPC 8.4 (misconduct); and SCR 115 (imposing a duty to notify certain parties of an attorney's suspension). The facts underlying these violations were deemed admitted due to Farrington's failure to respond to the State Bar of Arizona's complaint and Farrington does not contest reciprocal discipline here. Because disbarment is appropriate when an attorney causes serious injury to a client by abandoning a practice, failing to perform a service, or knowingly engaging in conduct in violation of an ethical obligation with the intent to obtain a benefit, *see* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards* (2017), Standards 4.41, 7.1, we grant the petition for reciprocal discipline.

We hereby disbar attorney Jason C. Farrington from the practice of law in Nevada. Such disbarment is irrevocable. SCR 102(1). The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____ , C.J.
Douglas

_____ , J.
Cherry

_____ , J.
Gibbons

_____ , J.
Pickering

_____ , J.
Hardesty

_____ , J.
Parraguirre

_____ , J.
Stiglich

cc:     Jason C. Farrington
        C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
        Kimberly K. Farmer, Executive Director, State Bar of Nevada
        Perry Thompson, Admissions Office, U.S. Supreme Court